**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MOHAMMAD ARAMNAHAD, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 24-cv-1817-MAU |
| MARCO RUBIO, *Secretary of State, et al.*,[1] | |
| *Defendants*. | |

**MEMORANDUM OPINION**

Plaintiffs Mohammad Aramnahad and his wife Meili Li (collectively "Plaintiffs") seek declaratory, injunctive, and mandamus relief to compel the United States Government ("Defendants" or "the Government") to adjudicate their immigrant visa application. ECF No. 1.[2] Plaintiffs contend that the Government has unreasonably delayed and unlawfully withheld adjudication of their visa application in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. *Id.* The Government moves for summary judgment under Federal Rule of Civil Procedure 56 on all of Plaintiffs' claims. ECF No. 29. For the reasons set forth below, the Government's Motion for Summary Judgment ("Motion") is **GRANTED**.

**FACTUAL SUMMARY**

Because Plaintiffs have failed to file any opposing statement of facts specifically disputing any of Defendants' factual assertions, the Court deems Defendants' statement of facts

---

[1]    The original Defendant has been substituted for his successor. Fed. R. Civ P. 25(d).
[2]    Citations are to the page numbers in the ECF headers.

conceded.  *See* Fed. R. Civ. P. 56(e)(2); LCvR (h).  In any event, the facts material to the resolution of this Motion are undisputed.  ECF No. 29-1.

Aramnahad is an Iranian national, and his wife Li is a Chinese national.  ECF No. 29-1 ¶¶ 1–2.  They live in China.  *Id*.  Aramnahad is the beneficiary of an approved I-140 EB-3 petition and the principal applicant for the immigrant visa.  *Id.* ¶¶ 3–4.  Li is the derivative applicant.  *Id.* ¶ 5.  Plaintiffs interviewed with a consular officer at the United States embassy in Guangzhou, China on March 30, 2023.  *Id.* ¶ 6.  At the conclusion of the interview, the officer informed Plaintiffs that the officer had refused their application under section 221(g) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1201(g), and placed it in administrative processing (the "221(g) Refusal").  *Id.* ¶ 7.  Although Plaintiffs submitted additional documentation upon request of the consular officer, Plaintiffs' visa application "remain[ed] refused while undergoing [administrative] processing."  ECF No. 19 ¶ 59.

By mid-2024, there had been no change in Plaintiffs' status.  On June 24, 2024, Plaintiffs filed this Complaint to compel the Government to adjudicate their visa application.  ECF No. 29-1 ¶ 10.  Plaintiffs assert three claims: 1) the Government violated § 706(2) of the APA by withholding adjudication of Plaintiffs' visa application (Count I); 2) the Government violated §§ 555(b) and 706(1) of the APA by unreasonably delaying adjudication of their application (Count II); and 3) this Court should issue a writ of mandamus to remedy the Government's alleged breach of its duty to adjudicate Plaintiffs' application (Count III).  ECF No. 1 ¶¶ 67–103.

On June 4, 2025, during the pendency of this litigation, President Donald J. Trump issued Proclamation No. 10,949 ("the Presidential Proclamation"), in which he ordered the "full suspension of entry of nationals" from certain countries of "Identified Concern," including Iran.  *Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists*

*and Other National Security and Public Safety Threats*, Proclamation No. 10,949, 90 Fed. Reg. 24497, 24498 (June 4, 2025). In the Presidential Proclamation, the President declared that the "entry into the United States of nationals of Iran as immigrants and nonimmigrants is hereby suspended." *Id.* at 24500. The President, however, empowered the Government to grant an exception to restricted nationals if their entry would serve a United States national interest. *Id.* at 24503.

On June 12, 2025, approximately one week after the Presidential Proclamation, a consular officer refused Plaintiffs' visa application under section 212(f) of the INA (the "212(f) Refusal"), codified at 8 U.S.C. § 1182(f). The email from the officer to Plaintiffs stated:

> This is to inform you that a consular officer found you ineligible for an immigrant visa under Section 212(f) of the Immigration and Nationality Act, pursuant to Presidential Proclamation "Restricting the Entry of foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats". Today's decision cannot be appealed.
>
> Taking into account the provisions of the Proclamation, a National Interest Exception (NIE) will not be granted in your case.

ECF No. 29-2.

## PROCEDURAL HISTORY

On August 21, 2024, Defendants moved to dismiss the Complaint, arguing that the doctrine of consular nonreviewability barred Plaintiffs' suit and that Plaintiffs failed to identify a clear, nondiscretionary duty to act on the Government's part. ECF No. 6. The Court denied Defendants' motion. ECF Nos. 17, 18. Defendants answered and subsequently moved for judgment on the pleadings under Rule 12(c) based on the factors set forth in *Telecommunications Research & Action Center v. Federal Communications Commission*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). ECF Nos. 19, 20. Plaintiffs also moved to strike a response from Defendants'

Answer and to compel the production of the administrative record under LCvR 7(n).  ECF No. 25.  Defendants cross-moved for partial relief from LCvR 7(n) and to not produce the administrative record.  ECF No. 27.  These motions are pending.

After Plaintiffs received the 212(f) Refusal, Defendants moved for summary judgment based primarily on the argument that the case is now moot because Plaintiffs have obtained the ultimate relief they seek in this case.  ECF No. 29.  The Court ordered the Parties to appear for a status conference prepared to address whether the 212(f) Refusal mooted this case or required a stay.  Minute Order (July 15, 2025).

During that hearing, Plaintiffs argued that the 212(f) Refusal was unlawful and that they were considering challenging the constitutionality of the Presidential Proclamation.  ECF No. 32 at 4:13–5:24.  Because such a challenge was not within the scope of Plaintiffs' Complaint, the Court instructed Plaintiffs to advise whether they intended to dismiss their case as moot or seek leave to amend their Complaint to challenge the constitutionality of the Presidential Proclamation.  *Id.* at 10:15–19 ("The only thing I'm instructing you all to do is to let me know whether the Plaintiffs [are] dismissing [their] case based on the travel ban or whether there is going to be a request [] to amend [the Complaint].").  The Court made it clear to Plaintiffs that any arguments challenging the denial under section 212(f) or the constitutionality of the travel ban was not before the Court.  *Id.* at 11:12–21 (". . . your clients would need to amend the complaint, make whatever challenges they wish to make to the travel ban [] or to the 1182(f) refusal."), 16:10–21 (court stating that it cannot make a ruling about the basis for the refusal or the travel ban without a "complaint that makes that claim.").  To date, Plaintiffs have neither sought leave to amend their Complaint nor filed a notice of dismissal.

Instead, Plaintiffs moved to stay the case, arguing that a stay would allow the Plaintiffs to observe legal challenges to the Presidential Proclamation in *other* cases, which would "inform the mootness and redressability in question *here*."   ECF No. 30 at 2 (emphasis added). Defendants opposed the stay, arguing that the case was moot, and that a stay unnecessarily drains the Government's resources and does not secure the "just, speedy, and inexpensive determination of every action and proceeding."   ECF No. 33 at 2–3 (quoting Fed. R. Civ. P. 1).   The Court ordered the Parties to complete summary judgment briefing before the Court would consider the motion to stay.   Minute Order (July 25, 2025).   The Government's Motion for Summary Judgment is now ripe for review.

## STANDARD OF REVIEW

The court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A "material" fact is one capable of affecting the substantive outcome of the litigation.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).   The mere existence of some factual dispute, however, is insufficient on its own to bar summary judgment.  *Anderson*, 477 U.S. at 247–48.   The dispute must pertain to a "material" fact.  *Id.*   Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.* at 248.

Federal courts are courts of limited jurisdiction; they cannot review a case unless they have subject matter jurisdiction to do so.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).   The party asserting subject matter jurisdiction bears the burden of

demonstrating it by a preponderance of the evidence. *Stephens v. United States*, 514 F. Supp. 2d 70, 72 (D.D.C. 2007).  Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Article III's case-or-controversy requirement requires federal courts to adjudicate only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988).  A claim is moot when, among other things, the Court cannot provide an effective remedy because a party has already obtained all the relief that they have sought. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013).  Mootness deprives the Court of its subject matter jurisdiction. *Ruseva v. Rosenberg*, 490 F. Supp. 3d 320, 322 (D.D.C. 2020).

## ANALYSIS

Defendants argue that they are entitled to summary judgment on all of Plaintiffs' claims. Specifically, with respect to Counts II and III, Defendants argue that Plaintiffs have received the precise remedy they sought in their Complaint: final adjudication of their visa application.  ECF No. 29 at 5–7.  As a result, Defendants argue that those claims are moot. *Id.*  With respect to Count I, Defendants argue that the doctrine of consular nonreviewability bars the Court's review of the Government's substantive decision to refuse Plaintiffs' visa application. *Id.* at 7–9.

### I.    Plaintiffs' Claims Are Moot.

Defendants contend that there is no genuine dispute that Plaintiffs received a final decision on their visa application by virtue of the 212(f) Refusal.  ECF No. 29 at 5–7.  According to the Government, Plaintiffs' claims of unreasonable delay are moot and Defendants are entitled to judgment as a matter of law. *Id.*  Defendants rely on the language of the 212(f) Refusal, which, in their view, clearly and unambiguously reflects a final decision on Plaintiffs' visa

application.  ECF No. 29 at 6 (arguing that Plaintiffs were not informed their application would receive another adjudication, were not invited to provide additional documentation, and were denied a national interest exception).

Plaintiffs argue that the case is not moot, largely because the 212(f) Refusal is invalid. *See* ECF No. 35 at 9–17.  Plaintiffs' primary argument is that the Presidential Proclamation is unconstitutional because the President violated the separation of powers and the nondelegation doctrine.  *Id.* at 10–11.  Accordingly, Plaintiffs argue that the 212(f) Refusal based on the Presidential Proclamation is not a valid final determination of their visa eligibility.  *Id.* at 13–15. In Plaintiffs' view, the President can only suspend the *entry* of a visa holder, not the *eligibility* of an applicant to receive a visa under his Presidential Proclamation.  *Id.* at 14 (emphasis added). Therefore, according to Plaintiffs, section 212(f) cannot be a legal basis to refuse a visa application.  *Id.* at 15 (citing 22 C.F.R §§ 40.6, 42.81).

**A.  Defendants are Entitled to Summary Judgment.**

In all counts of their Complaint, Plaintiffs allege that the Government has unlawfully withheld and unreasonably delayed the adjudication of their visa application.  ECF No. 1 ¶¶ 67–103.  The remedies Plaintiffs seek are all related to this purported delay.  Accordingly, Plaintiffs do not claim to seek the remedy of a particular result but rather "*only* to compel the Defendants to make a final decision on their pending immigration visa application. . . ."  *Id.* ¶ 49 (emphasis added); *see also id.* at ¶¶ A–D ("Prayer for Relief") (seeking, among other things, a declaration that "Defendants' delay in adjudicating Plaintiffs' application for immigrant visas is unreasonable" and a writ of mandamus "compelling Defendants . . . to perform their duty to adjudicate" Plaintiffs' immigrant visa application).

Unlike the Plaintiffs' 221(g) Refusal, which the Court held was not a final adjudication for the reasons set forth in the March 31, 2025, Memorandum Opinion, the 212(f) Refusal *is* a final decision on Plaintiffs' visa application.  In the 212(f) Refusal, the consular officer clearly and unambiguously determined that Plaintiffs were "ineligible for an immigrant visa" under "Section 212(f). . . pursuant to [the] Presidential Proclamation. . . ."  ECF No. 29-2.  Further, the officer advised Plaintiffs that the decision "cannot be appealed" and that a "National Interest Exception" would not be granted in Plaintiffs' case.  *Id.*  The officer did not request any additional information from Plaintiffs or state that there would be further deliberation on the Government's part.  *Id.*  To the contrary, the consular officer expressly advised Plaintiffs that there would be no appeal or exception granted in this case.  *Id.*  In other words, the consular officer made a final, clear and unambiguous decision that was not subject to any further consideration.  Plaintiffs do not contest the authenticity or language of the 212(f) Refusal or the fact that they received the communication.

Having now received a final and unequivocal decision on their visa application, Plaintiffs have obtained the relief they sought, even if the result is not the one for which they had hoped.  Because there is no further remedy this Court can grant to Plaintiffs based on the claims in their Complaint, all counts of Plaintiffs' claims are moot.[3]

The court squarely addressed this scenario in *Aboutalebi v. Dep't of State*.  No. 19-CV-2605, 2019 WL 6894046, at *1–5 (D.D.C. 2019).  There, the court held that the plaintiff's claims were moot after she received a section 212(f) refusal.  *Id.* at *1–2.  Aboutalebi sued the government, alleging that the defendants had unreasonably delayed adjudicating her visa by

---

[3]    Without any meaningful explanation, Defendants argue only that Counts II and III are moot.  The Court, however, has the obligation to examine its own subject matter jurisdiction and dismiss any claim if "the court determines at any time that it lacks subject matter jurisdiction. . . ."  Fed. R. Civ. P. 12(h)(3).

refusing the application under section 221(g) and placing it in administrative processing for more than a year. *Id.* After filing suit, Aboutalebi received another refusal letter, finding her "ineligible for a visa under Section 212(f) of the [INA], pursuant to Presidential Proclamation 9932." *Id.* (citation modified). Like the President's suspension of the entry of Iranian nationals in this case, the President in Proclamation 9932 suspended senior Iranian government officials and their immediate family members from entering the United States. *Suspension of Entry as Immigrants and Nonimmigrants of Senior Officials of the Government of Iran*, Proclamation 9932, 84 Fed. Reg. 51,935 (Sept. 25, 2019). The court ultimately held that the plaintiff's claims concerning the unreasonable delay of adjudicating her visa application were moot because she "received the precise relief she sought," which was a final decision on her visa application. *Aboutalebi*, 19-CV-2605, 2019 WL 6894046, at *2 (citing *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)).

The section 212(f) refusal in *Aboutalebi* does not materially differ from the Plaintiffs' 212(f) Refusal.[4] The consular officer also expressly advised Plaintiffs that they would not be eligible for a national interest waiver. ECF No. 29-2 ("[A] National Interest Exception (NIE) will not be granted in your case.").[5] In other words, there were no further steps that would be taken on Plaintiffs' visa application. Because Plaintiffs received final adjudication on their visa

---

[4]    The section 212(f) refusal in *Aboutalebi* and the 212(f) Refusal here stated that the State Department found the applicants ineligible for visas under section 212(f) and that the refusals were not appealable. *Aboutalebi*, No. 19-CV-2605, 2019 WL 6894046, at *1 (citing Joint Status Report, Ex. A (Nov. 6, 2019)). The refusals issued to the Plaintiffs and to Aboutalebi also stated that the decisions were final. *Id.*

[5]    In Plaintiffs' Statement of Genuine Issues, Plaintiffs claim that the Defendants denied Plaintiffs any opportunity to assert eligibility for a national interest exception. ECF No. 35-1 ¶ 4. In addition, Plaintiffs cite in their Opposition an out of circuit case, *Emami v. Mayorkas*, No. 18-CV-1587, 2022 WL 3031213, at *2 (N.D. Cal. Aug. 1, 2022), to argue the waiver provision in the Presidential Proclamation may violate the APA. Plaintiffs have not asserted either claim or sought leave to amend their Complaint to challenge the denial or the waiver provision.

application, their claims are moot.

Plaintiffs fail to make any meaningful showing to defeat summary judgment.  Plaintiffs' general argument is that the Presidential Proclamation is unconstitutional and, as a result, the 212(f) Refusal in their case is unlawful.  ECF No. 35 at 10–13.  For example, Plaintiffs argue that they "have a colorable claim against Proclamation 10949 as a breach of the constitutional separation of powers . . . ."  ECF No. 35 at 10.  They also argue that the Presidential Proclamation governs entry restrictions into the country and cannot serve as the basis for a visa eligibility determination.  *Id.* at 13.  In an attempt to have this Court stay its ruling, Plaintiffs point to two other cases then-pending in this District in which other plaintiffs made arguments Plaintiffs wish to make before *this* Court.  *Id.* at 9–10.  As they note, Plaintiffs "are only requesting the time needed for other judges to prove or fail the INA 212 argument."  ECF No. 35 at 19.  Plaintiffs' arguments fail for two major reasons.  First, Plaintiffs have failed to plead in this case any of the arguments they raise in their summary judgment briefing.  This is despite the fact that this Court raised that problem and invited Plaintiffs to advise whether they intended to move to amend their Complaint to raise these issues.  ECF No. 32 at 4:13–5:24, 10:15–19, 11:12–21.  Plaintiffs failed to do so and instead sought a stay.  ECF No. 30.  Second, although the decisions of two other judges might be persuasive to this Court, those cases, whatever the outcome, are not binding.  Here, the Plaintiffs only challenge the Defendants' alleged unreasonable delay in adjudicating their *particular* visa application.  *See* ECF No. 1 ¶¶ 67–103.  The Court need not wait to rule on the motion before it where significant issues of subject matter jurisdiction are present.

### B.  Voluntary Cessation Does Not Apply.

Although their arguments are difficult to decipher, Plaintiffs attempt to avoid summary judgment by making a half-hearted attempt to invoke the doctrine of voluntary cessation.

Plaintiffs appear to argue that Defendants ceased unreasonably delaying the adjudication of their visa application by issuing the 212(f) Refusal. ECF No. 35 at 16. Plaintiffs' principal argument is that Defendants are evading judicial review by merely swapping the unlawful 221(g) Refusal with the unlawful—and final—212(f) Refusal. *Id*.

The doctrine of voluntary cessation is an exception to mootness if: (1) a party voluntarily ceases the challenged activity; and (2) it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc*., 528 U.S. 167, 189–190 (2000). Voluntary cessation exists to prevent parties from falsely ending a dispute to avoid judicial review and later restarting the alleged unlawful conduct. *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1128 (D.C. Cir. 2024). Indeed, courts have declined to apply the doctrine when the facts do not suggest any "arguable manipulation of our jurisdiction." *Id.* (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 (2001)).

The doctrine of voluntary cessation does not apply here. First, to meet prong one, Plaintiffs must admit that the government ceased unreasonably delaying the adjudication of their visa application by issuing the 212(f) Refusal. That would be illogical because Plaintiffs argue that the 212(f) Refusal is not a final adjudication of their visa application. Even assuming Plaintiffs could satisfy the first prong, Plaintiffs cannot meet the second prong as there is no possibility for the alleged unlawful conduct to reoccur because, as explained above, the Plaintiffs received a final adjudication. Finally, there are no facts to support the notion that the Defendants are purposefully manipulating this Court's jurisdiction to resume the allegedly offensive conduct following this ruling.

II.      **Defendants are Entitled to Summary Judgment on Count I Based on the Doctrine of Consular Nonreviewability.**

Even assuming Count I was not moot, Defendants are entitled to summary judgment on that claim based on the doctrine of consular nonreviewability.  In Count I, Plaintiffs allege that Defendants violated section 706(2) of the APA by delaying and withholding the adjudication of Plaintiffs' visa application.  ECF No. 1 ¶¶ 68–72.  Defendants argue that, because the 212(f) Refusal is a final agency action, the doctrine of consular nonreviewability bars this Court from reviewing the basis for the decision.  ECF No. 29 at 8.  Plaintiffs argue that, because the 212(f) Refusal here is not a "discretionary, substantive decision," the doctrine of consular nonreviewability does not apply.  ECF No. 35 at 17.

The doctrine of consular nonreviewability respects "the political nature of visa determinations" and allows "[c]onsular officers [to] have complete discretion over issuance and revocation of visas."  *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158–59, 1159 n.2 (D.C. Cir. 1999).  Accordingly, the doctrine prohibits a court from reviewing the substance of a consular officer's decision to deny or withhold a visa.  *Dep't of State v. Munoz*, 602 U.S. 899, 908 (2024); *see also  Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1023–25 (D.C. Cir. 2021) (the doctrine "prevents a federal court from second-guessing a United States consular officer's decision to issue or withhold a visa" absent "two narrow circumstances" not applicable here).  The doctrine is broad and applies even "where it is alleged that the consular officer failed to follow regulations, where the applicant challenges the validity of the regulations on which the decision was based, or where the decision is alleged to have been based on a factual error."  *Aboutalebi*, No. 19-CV-2605, 2019 WL 6894046, at *3 (quoting *Van Ravenswaay v. Napolitano*, 613 F. Supp. 2d 1, 4 (D.D.C. 2009)).

For the reasons already discussed, the 212(f) Refusal in this case was a final adjudication on Plaintiffs' visa application.  As a matter of law, the doctrine of consular nonreviewability precludes judicial inquiry into the underlying refusal of the visa application.  *See Thein v. Trump*, No. 25-CV-2369, 2025 WL 2418402, at *7 (D.D.C. Aug. 21, 2025).  In *Thein*, plaintiffs who had received section 212(f) refusals based on the Presidential Proclamation, just as Plaintiffs in this case had, sought a preliminary injunction and ultimately an order setting aside those refusals based on arguments similar to those Plaintiffs make here.  *Id.*  The court denied such relief, holding that "it is immediately clear" that the doctrine "forbids" relief to plaintiffs who had received section 212(f) refusals based on the Presidential Proclamation.  *Id.*

Plaintiffs argue that the Government's 212(f) Refusal, like its 221(g) Refusal, is final only in name.  *Id.*  Plaintiffs believe the 212(f) Refusal is "not a discretionary, substantive decision made by a consular officer to deny or withhold a visa."  *Id.*  This, of course, is based on the premise that, according to Plaintiffs, the Presidential Proclamation cannot serve as the underlying basis for issuing a section 212(f) refusal.  But Plaintiffs do not make this claim in their Complaint, and it is well-settled that Plaintiffs cannot amend their Complaint through an opposition brief.  *See Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 295 n.11 (D.D.C 2013) (quoting *Citizens for Resp. & Ethics in Washington v. Cheney*, 593 F. Supp. 2d 194, 217 (D.D.C 2009)).  Because the doctrine of consular nonreviewability prohibits the Court from reviewing the validity of the 212(f) Refusal as it pertains to the Plaintiffs' specific visa application, Defendants are entitled to judgment as a matter of law on Count I as well.

### III.    Production of the Administrative Record

Finally, on May 14, 2025, Plaintiffs moved to compel the production of the administrative record under LCvR 7(n).  ECF No. 25.  Defendants opposed the motion and cross-moved for partial relief from LCvR 7(n).  ECF No. 27.  The Plaintiffs moved to compel the

administrative record after the Defendants filed a motion for judgment on the pleadings for failure to state a claim. *See* ECF No. 24. Considering the Court's holding that all claims are moot and, moreover, Count I is barred by consular nonreviewability, there is no need to produce an administrative record here. This is especially the case considering the Court's finding that consular nonreviewability bars any judicial inquiry into the underlying refusal and, in any event, Plaintiffs have not plead any challenge to the Presidential Proclamation or underlying decision. Accordingly, the Plaintiffs' motion to compel the administrative record is denied.

## **CONCLUSION**

For the foregoing reasons, the Government's Motion for Summary Judgment (ECF No. 29) is **GRANTED**. The Court will issue a separate Order.

**SO ORDERED.**

Date:   December 22, 2025

_____

MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE